OCT 30 2026 PM3:35
FILED - USDC - FLMD - ORL

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

YULIYA GLAZMAN,

*Plaintiff,*

v.

CITIBANK, N.A.,

*Defendant.*

Case No.: 6:26-CV-2555-PGB-CAB

_______________________________/

# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON EFAA RELATEDNESS AND THE WHOLE-CASE EFFECT OF 9 U.S.C. § 402(a)

## I. RELIEF REQUESTED AND INTRODUCTION

Plaintiff Yuliya Glazman requests interlocutory partial adjudication under Federal Rule of Civil Procedure 56(a) and 9 U.S.C. § 402(b) of two components of the dispute over arbitration enforcement presented by Complaint ¶¶ 15–18 and Prayer J. First, assuming without deciding that the Underlying Dispute qualifies under 9 U.S.C. § 401(4), Plaintiff requests a determination that this action satisfies § 402(a)'s relationship requirement. Second, if the EFAA's statutory prerequisites are satisfied, Plaintiff requests a determination that § 402(a) applies to this case as a whole, including Counts I through V.

Neither determination would establish the reserved predicate or resolve every ground affecting arbitration enforcement. The Court may address the predicate or the effect of the earlier orders first. Plaintiff seeks resolution of the

identified components to narrow the forum dispute. Plaintiff does not request a determination that the Underlying Dispute satisfies § 401(4), judgment on employment liability or damages, or relief vacating or suspending any prior arbitration order. Plaintiff preserves the nonconcessions stated in Complaint ¶ 17.

"Underlying Dispute" means Plaintiff's dispute concerning the recurring sex-differentiated working conditions described in Complaint ¶¶ 28–55 (Section A), which Plaintiff identifies in ¶ 15 as the hostile-work-environment dispute she asserted in the First Action, *Glazman v. Citigroup, Inc.*, No. 8:26-cv-01522-TPB-AEP (M.D. Fla.). The definition identifies the dispute. It does not decide whether the dispute qualifies under § 401(4). It keeps the First Action's hostile-work-environment count separate from Count I of this action, which alleges retaliation.

The forum controversy is concrete. Defendant, together with its parent Citigroup Inc., moved to compel arbitration of claims now included in this action in the Second Action, *Glazman v. Citigroup, Inc.*, No. 8:26-cv-02265-TPB-SPF (M.D. Fla.), and obtained an order compelling arbitration. Compl. ¶¶ 123, 160. This action pleads those claims together with claims arising from later employment decisions. Compl. ¶¶ 8, 27, 161.

The statutory theory is short. Count I expressly places alleged reprisals for Plaintiff's assertion and prosecution of the Underlying Dispute at issue. The complaint also challenges separation terms that addressed filed proceedings and dismissal of the First Action by case number. Those allegations make the identified dispute part of this case's subject matter. Compl. ¶¶ 69–73, 81–84, 177, 180–184.

Whether Plaintiff can prove the alleged reprisals is a different question. And once the EFAA applies to a case, Congress's selection of the case as the unit of protection governs the other constituent claims as well. The Second, Sixth, and Ninth Circuits adopted that reading in *Diaz-Roa v. Hermes Law, P.C.*, No. 24-3223-cv, slip op. at 13–16, 20–25 (2d Cir. Sept. 30, 2026); *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 382–86 (6th Cir. 2026); and *Ding v. Structure Therapeutics, Inc.*, No. 25-1532, 2026 WL 2420555, at *7 (9th Cir. Aug. 19, 2026).

## II. STATEMENT OF MATERIAL RECORD MATTERS RELEVANT TO THIS MOTION

The material submitted for this motion identifies the disputes, claims, and election contained in the operative pleading. Plaintiff does not offer the complaint as proof that Defendant committed the alleged employment acts or acted with a retaliatory motive. The distinction is between the contents of the case being characterized and the truth of the employment allegations that remain for adjudication. Each numbered paragraph states whether it describes an allegation, an election made by the pleading, or a judicial act reflected in an order.

1. **Identification of the dispute (allegation).** The complaint identifies the Underlying Dispute and sets out the working conditions Plaintiff alleges constituted a hostile work environment because of sex: the only woman on a five-person team; pay below the published median for her classification while male colleagues in the same classification were paid at or above it; a written request for a compensation review on September 27, 2024, after which her supervisor and

that supervisor's manager each acknowledged the disparity in writing and the disparity was not corrected; recurring assignments to back up and correct a male colleague's work without additional compensation and with no comparable burden placed on any male colleague; reduced work-from-home privileges; and elimination of her position effective May 7, 2026, while her male teammates were retained. Compl. ¶¶ 15, 28–55.

2. **Identification of the proceedings (allegation).** The complaint identifies the First Action, filed March 16, 2026, and its asserted hostile-work-environment claim under 42 U.S.C. § 2000e-2(a)(1), together with its Equal Pay Act, FLSA retaliation, Title VII retaliation, and ADEA claims. Compl. ¶¶ 2, 56–57. Plaintiff identifies the First Action as the proceeding in which she asserted the Underlying Dispute. Compl. ¶ 15.

3. **Separation instruments (allegation).** The complaint alleges that the April 7, 2026 separation agreement, delivered 22 days after the First Action was filed, required Plaintiff to represent and warrant that she had not filed any legal proceeding against Citi in any state or federal court or in arbitration, and that the representation was inaccurate when delivered because the First Action was pending. Compl. ¶¶ 69–73. It alleges that the May 11, 2026 revised agreement, tendered six days after Citi moved to compel arbitration of the First Action, included the First Action by case number within the release, required Plaintiff to acknowledge that she would dismiss the First Action with prejudice, and

conditioned payment on receipt of a court order reflecting that dismissal. Compl. ¶¶ 81–84.

4. **Employment decisions (allegation).** The complaint challenges the April 2026 internal non-selection after Defendant recruited and interviewed Plaintiff; Defendant's handling of twelve applications for eleven positions submitted between May 23 and June 1, 2026; the August 18, 2026 refusals of two applications; and the September 16, 2026 refusal to hire her for the Fund Accounting Analyst position after a September 3, 2026 interview. Compl. ¶¶ 74–80, 88–98, 115–117, 124–159, 179.

5. **Express retaliatory connection (allegation).** Count I alleges that Plaintiff filed and prosecuted the First Action, "including its claim that Defendant subjected her to a hostile work environment because of sex," filed EEOC Charge No. 511-2026-02539, filed and prosecuted the Second Action, filed the motion to correct the August 5, 2026 order, and transmitted the letter dated August 30, 2026. Compl. ¶ 177. It alleges that Defendant took the challenged actions because of that activity, with the causal allegations separated by period: the April through June conduct tied to the First Action and the charge; the August 18 refusals tied to the First Action, the charge, the Second Action, and the motion to correct; the September 16 refusal tied to those proceedings and the August 30 letter. Compl. ¶¶ 180–183. It alleges but-for causation. Compl. ¶ 184.

6. **Other constituent claims (allegation).** Count II alleges sex discrimination in the April 2026 non-selection under 42 U.S.C. § 2000e-2(a)(1).

Compl. ¶¶ 187–193. Count III alleges retaliation under 29 U.S.C. § 215(a)(3) for the Equal Pay Act and FLSA proceedings. Compl. ¶¶ 194–202. Count IV alleges retaliation under 29 U.S.C. § 623(d) for the age-discrimination proceedings, limited to the August 18 and September 16 refusals. Compl. ¶¶ 203–211. Count V alleges retaliation under Fla. Stat. § 448.102(3), limited to the April through June personnel actions. Compl. ¶¶ 212–218. This motion does not argue the merits of any count.

7. **Election and requested determination (election by the pleading).** Complaint ¶ 17 elects, under 9 U.S.C. § 402(a), that no predispute arbitration agreement or predispute joint-action waiver is valid or enforceable with respect to this case, and states that Plaintiff does not concede the existence, validity, scope, delegation, or enforceability of, or her assent to, any such agreement. Prayer J requests a determination under 9 U.S.C. § 402(b) to that effect.

8. **Procedural context (judicial acts reflected in orders).** The complaint identifies the prior orders. Compl. ¶¶ 99, 120–121, 160. On August 5, 2026, the court in the First Action found the arbitration agreement enforceable, rejected EFAA protection on the ground that the complaint there did not plausibly allege a sexual harassment claim, stayed the action, and directed administrative closure. On August 26, 2026, that court entered an amended order correcting the description of Plaintiff's performance ratings and stating that "[t]he ultimate outcome remains the same." *Glazman v. Citigroup, Inc.*, No. 8:26-cv-01522-TPB-

AEP, ECF No. 71 at 1 n.1 (M.D. Fla. Aug. 26, 2026). The amended order is the operative order. On September 23, 2026, the court in the Second Action compelled arbitration of the claims asserted there, stayed that action, denied the request for sanctions, and directed closure. *Glazman v. Citigroup, Inc.*, No. 8:26-cv-02265-TPB-SPF, ECF No. 33 at 4–7 (M.D. Fla. Sept. 23, 2026). The contents of those orders bearing on this motion are described in Part VI.

Plaintiff requests judicial notice of the identified orders only as to their existence, contents, and procedural dispositions. Fed. R. Evid. 201(b)(2). A court "may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Plaintiff does not request acceptance of disputed employment facts because a pleading or order from another action refers to them.

No declaration or exhibit accompanies this motion. The motion rests on the complaint filed with it and on the public orders identified above.

## III. THE REQUESTED DETERMINATIONS ARE COMPONENTS OF A CONCRETE ARBITRABILITY DISPUTE BEFORE THIS COURT

### A. The pending request is before this Court

Complaint ¶ 17 makes an EFAA election, and Prayer J requests a judicial determination concerning enforcement of the asserted predispute arbitration agreement. The complaint identifies Defendant's earlier invocation of arbitration against claims included in this action and the resulting order. Compl. ¶¶ 123, 160.

The present request therefore concerns the adjudicative forum for identified claims between identified parties.

Section 402(b) assigns the determination to the court. "The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court, rather than an arbitrator." 9 U.S.C. § 402(b). The complaint invokes federal-question jurisdiction over its federal employment claims, 28 U.S.C. § 1331, and supplemental jurisdiction over Count V. Compl. ¶¶ 10–11. Section 402(b) identifies the decision-maker. The federal employment claims supply jurisdiction.

### B. Rule 56(a) authorizes interlocutory adjudication of the identified components

Rule 56(a) permits a party to move for summary judgment on "part of each claim or defense" and directs the court to grant it when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The requested order would determine the relationship of this case to an identified dispute and the effect of the statute on the five counts pleaded.

The Eleventh Circuit recognizes the function of such a ruling. In *Stillman v. Travelers Insurance Co.*, 88 F.3d 911 (11th Cir. 1996), the district court resolved one coverage defense on summary judgment while other affirmative defenses remained. The court of appeals held that the ruling "is only a partial summary judgment. It is in no sense a final judgment." *Id.* at 913–14. It added that the plaintiff "has narrowed the issues in the case by having won its partial summary

judgment," while the defendant "can now raise the merits of its other affirmative defenses." *Id.* at 914 n.4. *Stillman* addressed appellate jurisdiction, not the EFAA. It supplies the distinction that matters here: an interlocutory ruling that narrows issues is different from a final disposition that resolves every defense. It does not authorize assuming a contested element to award ultimate relief, and Plaintiff does not ask for that.

Plaintiff seeks to resolve two legal components of the determination requested in Prayer J without obtaining a final ruling on every component of enforceability. The predicate is expressly reserved. Materiality follows from the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The two questions presented turn on the contents of the filed pleading and the text of the statute. Part VII identifies the facts that are not material to them.

### C. Same-day filing

Rule 56(b) permits a motion "at any time until 30 days after the close of all discovery," unless a local rule or court order provides otherwise. Fed. R. Civ. P. 56(b). The 2010 advisory committee note recognizes that a motion may be filed at the commencement of an action and that such a motion may in some cases be premature. Plaintiff files this motion with the complaint because its requested determinations concern statutory construction and the subject matter of the filed pleading. Plaintiff does not request an accelerated response, an ex parte determination, or any inference from Defendant's not yet having answered.

Defendant retains the ordinary opportunity to respond. The Court controls the sequence in which it addresses this motion and any other threshold matter.

## IV. ON THE RESERVED PREDICATE, THIS CASE SATISFIES THE STATUTORY RELATIONSHIP REQUIREMENT

### A. The statute uses three different objects

Section 402(a) provides that, at the election of a person alleging conduct constituting a sexual harassment dispute, "no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Section 401(4) defines the dispute: "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4).

The dispute, the case, and the claims within the case are not interchangeable. The dispute is the subject of § 401(4). The case is the subject of § 402(a)'s enforcement consequence. The claims are the components of the case. *Diaz-Roa*, slip op. at 13–16; *Bruce*, 168 F.4th at 382.

Here the Underlying Dispute is identified in Complaint ¶ 15 and described in ¶¶ 28–55. This action asserts the five counts at ¶¶ 175–218. The question in this Part is whether the latter has the required connection to the former, on the stated qualification assumption. Whether the dispute qualifies is a different question, and it is reserved.

### B. The pleading connects this case to the Underlying Dispute in three express ways

**Express litigation-directed terms.** The complaint alleges that the April 7, 2026 agreement required a representation that no legal proceeding had been filed in any court or arbitration, that the First Action was pending when the agreement was delivered, and that separation pay was conditioned on execution. Compl. ¶¶ 69–73. It alleges that the May 11, 2026 agreement named the First Action by case number, required an acknowledgment that Plaintiff would dismiss it with prejudice and release the claims asserted in it, "including the sexual harassment allegations," and conditioned payment on a court order reflecting that dismissal. Compl. ¶¶ 81–84. The terms themselves point at the First Action. Plaintiff does not contend that a litigation release proves an employment-law violation. The terms are cited for what they reference.

**Express retaliation allegations.** Count I identifies the First Action's hostile-work-environment claim among Plaintiff's protected activities and alleges that the challenged employment actions were reprisals for pursuing those proceedings. Compl. ¶¶ 177, 180–184. The connection is pleaded as the reason for each action, period by period.

**Later decisions under the same pleaded theory.** The August 18 and September 16, 2026 refusals are additional employment decisions that Count I expressly connects to the preceding litigation and opposition activity. Compl. ¶¶

179(f), 179(h), 181, 183. They are pleaded as the continuation of the same alleged response.

The required connection does not rest on an inference from the parties' identities or from chronology. The complaint expressly makes Defendant's alleged response to Plaintiff's assertion and prosecution of the Underlying Dispute a subject of adjudication. The phrase "relates to" carries its ordinary breadth. "As to the phrase 'relates to' itself, it is an expansive term that suggests Congress's intent to sweep broadly." *Diaz-Roa*, slip op. at 21. A case that places the alleged response to a dispute at issue stands in relation to that dispute under any ordinary reading of the words.

### C. Retaliation for reporting qualifying harassment relates to the underlying conduct

In *Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74 (2d Cir. 2024), the defendants argued that the EFAA did not reach retaliation claims because such claims do not fall within the definition of a "sexual harassment dispute." The Second Circuit held the argument waived "and also is meritless." *Id.* at 92. It reasoned from § 401(4): retaliation for reporting discrimination "is reasonably related to the underlying discrimination," and "[u]nder similar reasoning, retaliation resulting from a report of sexual harassment is 'relat[ed] to conduct that is alleged to constitute sexual harassment.'" *Id.* at 92–93 (quoting 9 U.S.C. § 401(4)). That is an alternative merits holding. The Second Circuit has since recognized it as establishing that the statutory definition includes a claim of

retaliation resulting from a report of sexual harassment. *Diaz-Roa*, slip op. at 11 n.5.

*Olivieri* involved a retaliatory hostile work environment and an accrual question under the statute's effective date; this case alleges discrete employment decisions. The difference does not change the proposition *Olivieri* supplies: a case alleging reprisal for pursuing a sexual harassment dispute is connected to that dispute.

A court in this Circuit has applied the same proposition. In *Usai v. Club Management Miami II, LLC*, No. 1:24-cv-24830-KMM, ECF No. 49 at 13–15 (S.D. Fla. Sept. 23, 2025), reported at 801 F. Supp. 3d 1295, the court found qualifying harassment allegations and applied the EFAA to the plaintiff's Title VII, Florida Civil Rights Act, and local-law retaliation claims. *Id.* at 13–14. It then extended the consequence to the FLSA retaliation claims in the same case. *Id.* at 14. *Usai* also permitted renewed consideration at summary judgment if the evidence failed to support the harassment-related claims and only FLSA claims remained. *Id.* at 13–15. This motion does not establish the predicate and does not request protection irrespective of the operative allegations and record.

Applied here, the distinction between alleged harassment and alleged retaliation does not itself defeat the connection. Plaintiff's claim is that Defendant took the challenged employment actions because she pursued the identified dispute. On the reserved qualification assumption, that alleged retaliatory relationship is a connection to the underlying alleged conduct.

### D. Connection is different from proof of motive

Defendant may dispute whether the challenged decisions occurred for the reasons alleged. That dispute concerns employment liability. It does not change the fact that Count I places the asserted retaliatory response at issue. A denial of the alleged motive would be an answer to Count I. It would not alter what Count I alleges.

The present request concerns the relationship expressed in the operative complaint. Plaintiff does not ask the Court to find the alleged motive proved or to foreclose later consideration based on an amended pleading or developed record. The requested characterization leaves the reserved predicate unresolved.

## V. WHEN THE EFAA APPLIES, ITS ENFORCEMENT CONSEQUENCE EXTENDS TO ALL FIVE COUNTS IN THIS CASE

### A. Congress selected the case as the unit of protection

Section 402(a) renders the agreement unenforceable "with respect to a case." It does not say "with respect to a claim." The same statute uses "claim" elsewhere. *Diaz-Roa*, slip op. at 15 (citing 9 U.S.C. § 401 note). "The word 'case' is read most naturally to refer to an entire lawsuit." *Id.* at 13. "By contrast, a 'claim' denotes something narrower." *Id.* at 14. The Second Circuit held: "'case' in Section 402 plainly refers to a lawsuit as a whole, and thus, when a plaintiff successfully invokes the EFAA to invalidate a pre-dispute arbitration agreement 'with respect to a case which . . . relates to [a] . . . sexual harassment dispute,' 9 U.S.C. § 402(a),

it invalidates the arbitration agreement as to all claims in that lawsuit, including any non-harassment claims." *Id.* at 16.

The Sixth Circuit reached the same conclusion from the same word. "The operative word here is 'case.' That is because it is 'with respect to a case' that an otherwise-valid arbitration agreement is invalid and unenforceable. 9 U.S.C. § 402(a). All data point clearly in the direction of 'case' encompassing a plaintiff's entire suit." *Bruce*, 168 F.4th at 382. The court held that "where a plaintiff brings multiple claims in a single suit against a party with whom she has an otherwise-valid arbitration agreement, and one of those claims alleges a 'sexual assault dispute' or a 'sexual harassment dispute,' the EFAA renders the arbitration agreement unenforceable with respect to each of the claims that comprise her case." *Id.* at 385–86. *Bruce* reached that holding after finding the predicate satisfied on the pleading before it. The holding applies after the prerequisites are met, which is how Plaintiff invokes it.

The Ninth Circuit held the same: "Because the EFAA invalidates an arbitration agreement 'with respect to a case'—rather than a claim—that 'relates to' a sexual harassment dispute, 9 U.S.C. § 402(a), Dr. Ding is entitled to bring her entire case in court." *Ding*, 2026 WL 2420555, at *7 (citing *Bruce*, 168 F.4th at 382).

Two district courts in this Circuit have applied the statutory consequence to an entire case. In *Childress v. Moore*, No. 6:25-cv-868-JSS-RMN, ECF No. 66 at 12–15 (M.D. Fla. June 5, 2026), this District applied § 402(a) to the whole case

after identifying a qualifying sexual-assault dispute. *Usai* applied the same consequence to FLSA retaliation claims joined with qualifying claims. ECF No. 49 at 14. The sexual-assault facts in *Childress* do not decide this plaintiff's sexual-harassment predicate; the decision is cited for the unit of protection.

The Second, Sixth, and Ninth Circuits adopted the whole-case reading in the cited decisions. Those decisions are persuasive, not controlling, in this District. They did not select the threshold a predicate dispute must meet. *Bruce*, 168 F.4th at 376 (reserving the governing standard); *Diaz-Roa*, slip op. at 9 n.3; *Ding*, slip op. at 15–16 (assuming plausibility by agreement). This motion reserves that question as well. The requested consequence depends on successful invocation of the statute. Plaintiff asks the Court to determine the statutory unit, not to declare that the unit has been reached.

### B. The additional counts need not independently allege sexual harassment

Under the requested ruling, each count is treated as follows.

| Count | Treatment under the requested ruling |
|---|---|
| I: Title VII retaliation, Compl. ¶¶ 175–186 | Supplies the express allegation of reprisals for pursuing the Underlying Dispute. |
| II: Sex discrimination, failure to hire, Compl. ¶¶ 187–193 | Concerns the April 2026 non-selection also included in the retaliation chronology; remains a distinct discrimination theory. |
| III: FLSA retaliation, Compl. ¶¶ 194–202 | Concerns overlapping employment actions, tied to the Equal Pay Act and FLSA proceedings; need not be relabeled sexual harassment. |
| IV: ADEA retaliation, Compl. ¶¶ 203–211 | Concerns the August and September refusals, tied to the age-discrimination proceedings; its protected-activity theory remains distinct. |

| Count | Treatment under the requested ruling |
|---|---|
| V: Florida whistleblower retaliation, Compl. ¶¶ 212–218 | Retains its own statutory elements and pleaded temporal scope. |

Plaintiff does not contend that Counts II through V independently allege sexual harassment. She contends that the statute's case-level consequence governs the claims constituting this action once its prerequisites are satisfied. The whole-case argument does not require a single protected activity common to every count. Requiring each count to establish a separate sexual-harassment dispute would replace the statutory unit with a claim-by-claim inquiry.

The Second Circuit rejected that substitution. Defendants there "would require all claims to relate to the sexual harassment dispute. . . . But it is 'a case'—not 'a claim'—that must 'relate[] to' the 'sexual harassment dispute.'" *Diaz-Roa*, slip op. at 25. "Nothing in the EFAA's text suggests that Congress intended . . . courts to parse a single lawsuit claim by claim for purposes of enforceability of the arbitration agreement once a sexual harassment dispute is properly before the court." *Id.* at 22. The Sixth Circuit held that the statute's language controls "whether we take them claim-by-claim or as a whole." *Bruce*, 168 F.4th at 385.

### C. This is one case

This action involves one plaintiff and one defendant. The counts challenge overlapping employment and reemployment decisions: the April non-selection appears in Counts I, II, III, and V; the August 18 and September 16 refusals appear in Counts I, III, and IV. Compl. ¶¶ 179, 189–191, 197, 207, 216. Count I expressly

alleges reprisals for pursuing the Underlying Dispute. Counts II through V retain their distinct elements and factual theories. If the EFAA applies to this case, § 402(a) supplies the consequence for those constituent claims.

Plaintiff requests no joinder ruling and does not contend that Rule 18 requires every claim against the same defendant to arise from one transaction. The "case" to which § 402(a) refers is the lawsuit the plaintiff filed, bounded by the joinder rules. *Diaz-Roa*, slip op. at 21. This lawsuit is one connected set of claims against one employer arising from one employment relationship and its aftermath.

### D. The connection rests on this complaint, not on the existence of an earlier case

The whole-case decisions cited above involved qualifying allegations before the deciding court. They do not hold that an earlier lawsuit automatically exempts every later lawsuit against the same employer. Plaintiff does not rely on the existence of a separate earlier case. The present complaint describes the alleged working conditions in ¶¶ 28–55, identifies the dispute in ¶ 15, and alleges reprisals for pursuing it in Count I. The requested application rests on the contents and connection alleged in this case.

The absence of a separate sexual-harassment count does not itself resolve the statutory inquiry. Section 402(a) addresses a person alleging qualifying conduct and a case related to the resulting dispute. *O'Donnell v. Magazzino Italian Art Foundation*, No. 25-CV-2918 (JGLC), ECF No. 33 at 9–11 (S.D.N.Y. Mar. 31, 2026), applied that distinction to standalone retaliation claims, separating the

allegation of underlying conduct from a separately pleaded harassment claim. *O'Donnell* found qualifying conduct under New York law; that law and its threshold are not imported here. The present complaint identifies the alleged underlying conduct and expressly alleges reprisals for pursuing that dispute. Whether the conduct qualifies remains reserved.

### E. The boundary of whole-case treatment

The requested ruling would not establish that any count is timely, exhausted, adequately pleaded, or meritorious. It would not exempt another lawsuit. It would not independently authorize withdrawal from any arbitration. It would determine only that, on the statutory condition stated above, § 402(a)'s restriction on enforcement of the asserted predispute arbitration agreement operates with respect to this case as a whole.

## VI. THE PRIOR ORDERS DO NOT SUPPLY THE RESERVED PREDICATE, AND THIS MOTION DOES NOT SEEK THEIR VACATUR

Two prior orders addressed the EFAA on the underlying allegations. The First Action's amended order concluded that the complaint there "does not plausibly state a claim for sexual harassment that would survive a motion to dismiss under Rule 12(b)(6)," that the allegations "showing at most discriminatory unequal pay and assignments" did not state a hostile work environment claim, and that "the EFAA does not preclude enforcement of the arbitration agreement." First Action, ECF No. 71 at 6–8. It added that the result would be the same under a "nonfrivolous" standard. *Id.* at 7–8 n.4. The order therefore addressed both

thresholds. The Second Action order applied the same predicate determination to the retaliation claims asserted there and compelled arbitration. Second Action, ECF No. 33 at 4–5, 7. Plaintiff does not present this motion as raising an untouched arbitrability question.

The Second Action order is specific about relatedness. It recognized that "[r]etaliation arising from the assertion of sexual harassment may, in appropriate circumstances, constitute a case 'relat[ing] to' a sexual-harassment dispute for purposes of § 402(a)," citing *Olivieri*. ECF No. 33 at 4. It recorded that "Defendants concede that retaliation arising from underlying sexual harassment may implicate the EFAA." *Id.* at 5. It then held that "[t]he EFAA's use of 'relates to' may extend its protection to retaliation arising from a sexual-harassment dispute; it does not transform retaliation arising from a dispute that does not qualify as sexual harassment into a case covered by the EFAA," and that the predicate allegations were "the same allegations the Court previously determined to not plausibly constitute sexual harassment." *Id.* at 4–5. The recorded defense position is a general legal acknowledgment. It is not an admission that this action satisfies the statute.

The September 23 order recognized that qualifying retaliation may relate to a sexual-harassment dispute and concluded that Plaintiff's underlying allegations did not supply the necessary predicate. Plaintiff does not characterize that order as silent about relatedness or as having granted the present request. This motion addresses two limited components while reserving both predicate qualification

and the effect of the earlier orders. A favorable answer on those components cannot defeat arbitration if an earlier predicate ruling governs the disposition of this action.

Neither prior order addressed the whole-case question, because neither reached it. *Diaz-Roa* was decided September 30, 2026, seven days after the Second Action order. It is later persuasive authority concerning whole-case scope. It is not an intervening controlling decision, and it does not reverse the predicate determination.

Plaintiff does not seek vacatur of an earlier order through this motion and does not ask this motion to determine the legal effect of any dismissal of the Second Action.

## VII. EMPLOYMENT-MERITS DISCOVERY IS NOT NECESSARY TO THE QUESTIONS PRESENTED

Materiality is determined by the governing substantive law. *Anderson*, 477 U.S. at 248. The governing law for the two questions presented is §§ 401(4) and 402(a), applied to the contents of the filed complaint. The first question asks what this case relates to. The second asks what unit the statute protects.

Defendant's hiring motives, the identities of the decision-makers, comparator qualifications, pretext, and damages bear on employment liability. They do not change the claims the complaint asserts or the subject matter it places at issue. Evidence that Defendant acted for legitimate reasons would answer Count I; it would not alter what Count I alleges.

Plaintiff does not contend that labeling an issue legal defeats a properly supported request under Rule 56(d). Any such request should identify the fact said to be essential and explain its bearing on the particular determination sought. Fed. R. Civ. P. 56(d). Plaintiff does not request a stay of discovery and does not contend that the ultimate EFAA determination necessarily requires no factual development.

## VIII. CONCLUSION AND REQUESTED DISPOSITION

Plaintiff requests that the Court:

1. Determine that, assuming without deciding that the Underlying Dispute qualifies under 9 U.S.C. § 401(4), the relationship alleged in this action satisfies § 402(a)'s relatedness requirement.

2. Determine that, if the EFAA's statutory prerequisites are satisfied in this action, § 402(a)'s restriction on enforcement applies to this case as a whole, including Counts I through V.

Plaintiff seeks interlocutory resolution of those components. The requested order would not establish the reserved predicate or vacate an earlier arbitration order. If the Court resolves a threshold issue first and does not reach either question, Plaintiff requests identification of the ground and the question left unresolved. Fed. R. Civ. P. 56(a).

## LOCAL RULE 3.01(g) STATEMENT

Under Local Rule 3.01(g)(1), a motion for summary judgment is exempt from the conferral requirement.

## CERTIFICATE OF SERVICE

I certify that a copy of this motion will be served on Defendant Citibank, N.A. by process server, together with the summons and the complaint, through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. No attorney has appeared for Defendant in this action. Plaintiff will file the process server's return of service, stating the date of delivery, together with a supplemental certificate of service.

Dated: October 30, 2026

Respectfully submitted,

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Blvd
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com